TELECTRONICS PACING SYSTEMS, INC., PLAINTIFF *v.*
UNITED STATES, DEFENDANT

Court No. 94–07–00413

(Dated March 29, 1996)

*McDermott, Will & Emery (Robert G. Kalik)* and *Feldman, Gale & Weber (James A. Gale)* for the plaintiff.
*Frank W. Hunger,* Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, U.S. Department of Justice *(Barbara Silver Williams)* for the defendant.

## MEMORANDUM AND ORDER

AQUILINO, *Judge:* The plaintiff interposes a motion to vacate an order dismissing the above action and to place it on the suspension calendar for *Telectronics Pacing Systems, Inc. v. United States,* Consol. Ct. No. 91–07–00503, which has been designated a test case. The defendant does not object to grant of the motion, but this acquiescence is not automatically dispositive.[1]

This action was dismissed pursuant to CIT Rule 83(c), which provides, in pertinent part:

DISMISSAL FOR LACK OF PROSECUTION.
An action not removed from the Reserve Calendar within the 18-month period shall be dismissed for lack of prosecution and the clerk shall enter an order of dismissal without further direction from the court unless a motion is pending.

The Clerk correctly carried out this mandate. This action was placed on the reserve calendar at the time the summons was filed in July 1994. When no prosecution ensued, on February 29, 1996 the Clerk dismissed.

Subsection (d) of Rule 83 does permit an extension of time to remain on the reserve calendar at the discretion of the court for "good cause shown why the action was not removed within the 18-month period". Moreover, this court "favors efficient resolution of actions under the rules and will work with opposing counsel who pursue their responsibilities to that end with due diligence". *E. Gluck Corp. v. United States,* 13 CIT 922, 923 (1989) (motion to extend time on suspension disposition calendar denied because the plaintiff did not make a showing sufficient to conclude that failure to meet deadline could not have been avoided during the time already allotted under the rules).

In the matter at bar, the court cannot conclude that the mere filing of plaintiff's motion on March 18, 1996, fully 20 months after the action was commenced, constitutes the requisite showing. And even if the apparent neglect were excusable, plaintiff's motion does not present any facts in mitigation, and upon which an affirmative decision could be

---

[1] *See, e.g., Fada Industries, Inc. v. United States,* 14 CIT 645 (1990).

based. *Cf. Avanti Products, Inc. v. United States,* 16 CIT 453 (1992). Clearly, by not providing the court with any explanation for the delay (or with a formal motion under Rule 83(d) for an extension), the plaintiff is still not prosecuting its cause with the degree of diligence required under the circumstances. *See, e.g., E. Gluck Corp. v. United States,* 14 CIT 271 (1990). As this court was constrained to remind counsel in *Avanti,* motions

> must be presented in such a way as to convince the court that grant is appropriate. * * * The absence of any alleged supportive facts is all the more critical in view of the precise nature of the relief the plaintiff seeks. Indeed, a party plaintiff has a primary and independent obligation to prosecute any action brought by it—from the moment of commencement to the moment of final resolution. That primary responsibility never shifts to anyone else and entails the timely taking of all steps necessary for its fulfillment.

16 CIT at 453, 453–54 (citations omitted). Whichever

> path is chosen for a given action must be supportable, both as a matter of due diligence and on the facts and the law underlying that particular matter. Otherwise, the action may be subject to dismissal for lack of prosecution.

*E. Gluck Corp. v. United States,* 13 CIT at 923.

In view of the foregoing, plaintiff's motion to vacate the order of dismissal and to place this action on the above-cited suspension calendar must be, and it hereby is, denied.